EL PUEBLO, DEMANDANTE Y APELADO, *v.* FERRARI, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 2ª., en una causa por seducción.

No. 665.—Resuelto en abril 6, 1914.

SEDUCCIÓN—CASTIDAD DE LA OFENDIDA—CONSENTIMIENTO PARA EL ACTO CARNAL.—
No constituye prueba de que la .ofendida no estuviere reputada como pura el
hecho de que el acusado tuviera relaciones sexuales con ella cuando tales actos
se ejecutaron en la casa de la madre del acusado a la cual llevó él a la ofen-
dida a vivir.

ID.—PENA DE MULTA UNICAMENTE.—Es mala práctica el imponer únicamente pena
de multa en casos de esta clase.

Los hechos están expresados en la opinión.
Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*
Abogado del apelante: *Sr. Antonio Trujillo.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Comenzó esta causa a virtud de acusación que fué pre-
sentada ante la Sección Segunda de la Corte de Distrito de
San Juan. Se acusó a Rafael Ferrari de haber seducido bajo
promesa de matrimonio a María López joven de previo carác-
ter casto. Se dictó sentencia contra dicho acusado conde-
nándolo a pagar $1,000 de multa o un día de presidio por
cada cinco dólares que dejara de pagar.

El único error consignado en los autos se refiere a haber
admitido la corte ciertas cartas que fueron escritas por el
acusado a la perjudicada. Se alegó que dichas cartas no
habían sido debidamente identificadas. Fueron suficiente-
mente identificadas por la ofendida quien expresó que había
visto escribir al acusado. Sus manifestaciones fueron corro-
boradas por el propio acusado que reconoció algunas de dichas
cartas. Además él no negó el contacto carnal ni la promesa
de matrimonio sino que fundó su defensa en la alegación de
que la ofendida no era virgen.

Durante la vista pero no en su alegato, el apelante insistió

en el hecho de haber quedado establecido por la prueba que la mujer no pudo haber sido de buen carácter moral, puesto que ella consintió en vivir con él como su concubina. Según los hechos de este caso después de la muerte de la madre de la ofendida y con posterioridad a la promesa de matrimonio, el acusado indujo a la perjudicada a que fuera primeramente a la casa de su tío y luego a la de su madre. En la casa de ésta última fué donde comenzaron las relaciones amorosas y donde siguieron las mismas. Si a una mujer se le lleva a la casa de la madre de un hombre, ella tiene motivos suficientes para creer que la intención de éste para con la misma es buena así como para cumplir con la promesa de matrimonio y el hecho de que se entregara a él no es un signo de previa impureza de carácter.

No comprendemos por qué la corte en casos de esta clase solamente condena a pagar una multa y ya hemos comentado acerca de una práctica semejante a ésta en el caso de *El Pueblo de Puerto Rico* v. *Moux*, 19 D. P. R., 1182.

Debe confirmarse la sentencia.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.